PHILLIP A. TALBERT
United States Attorney
AARON D. PENNEKAMP
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:21-CR-00055-TLN |
|---|---|
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| LEOBARDO GERARDO ANAYA, | DATE: February 10, 2022
TIME: 9:30 a.m.
COURT: Hon. Troy L. Nunley |
| Defendant. | |

This case is set for a status conference on February 10, 2022. On May 26, 2021, this Court issued General Order 631, which reopened the courthouses in this District, but which left it to "each Judge [to] determine whether to hold proceedings . . . in person or by telephone or videoconference." The order further authorized each Judge to "exercise his or her authority to continue [criminal] matters" and "exclud[e] time under the Speedy Trial Act." This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's ends-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—this Court's General Orders require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767–68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules. In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] If continued, this Court should designate a new date for the status conference. *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a status conference on February 10, 2022.

2. By this stipulation, defendant now moves to continue the status conference until May 5, 2022, at 9:30 a.m., and to exclude time between February 10, 2022, and May 5, 2022, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case includes investigative reports and related documents, criminal history documents, audio files, video files, and other multimedia files totaling over 1,000 pages of documents and large amounts of data. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

    b) In light of this discovery, counsel for defendant desires additional time to consult with her client, to review the current charges, to conduct investigation and research related to those charges, to review and copy discovery for this matter, to inspect physical evidence seized and/or otherwise available concerning this matter, to discuss potential resolutions with her client, to consider and/or prepare pretrial motions, and to otherwise prepare for trial.

    c) Counsel for defendant believes that failure to grant the above-requested continuance would deny her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d) The government does not object to the continuance.

    e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of February 10, 2022 to May 5, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best

interests of the public and the defendant in a speedy trial.

4.  Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  February 2, 2022

PHILLIP A. TALBERT
United States Attorney

/s/ AARON D. PENNEKAMP
AARON D. PENNEKAMP
Assistant United States Attorney

Dated:  February 2, 2022

/s/ CHRISTINA SINHA
CHRISTINA SINHA
Counsel for Defendant
LEOBARDO GERARDO ANAYA

## ORDER

IT IS SO FOUND AND ORDERED this 2nd day of February, 2022.

Troy L. Nunley
United States District Judge